**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CV-386**

| | |
|---|---|
| **DONNA TATE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **ORDER** |
| ) | |
| **SALLIE MAE, INC and SLM FINANCIAL** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

      THIS MATTER is before the Court on Defendants' Motion for Award of Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1927 [D.I. 53]. Plaintiff failed to respond to Defendants' Motion and therefore, this matter is ripe for determination.

      Plaintiff Donna Tate agreed to settle her case against Defendants when she was represented by James Ferguson and Lareena Phillips of the law firm of Ferguson, Stein, Chambers, and Gresham ("Withdrawn Counsel"). After a series of discussions during October and November of 2011, Defendants and Withdrawn Counsel memorialized a written settlement agreement. Plaintiff later refused to sign the settlement agreement.

      Defendants moved to enforce the settlement agreement. This Court granted Defendants' motion to enforce the settlement agreement [D.I. 51] and entertained Defendants' request for attorney's fees and costs pursuant to 28 U.S.C. § 1927.

      Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other persons admitted to conduct cases in any court of the United States... who so multiplies the proceedings in any case unreasonably

1

and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[1]  Section 1927 "focuses on the conduct of the litigation and not the merits."  *Debauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999).  Additionally, section 1927 "does not distinguish between winners and losers, or between plaintiffs and defendants.  The statute is indifferent to the equities of a dispute and to the values advanced by the substantive law."  *Id* (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980)).  Bad faith is not a prerequisite before imposing 1927 sanctions.  *See Sanford v. Commonwealth*, 689 F. Supp. 2d 802, 806 (E.D. Va. 2010).

Here, the conduct of Plaintiff unreasonably and vexatiously multiplied the proceedings in the instant civil action.  Plaintiff agreed to a settlement, Defendants considered the case closed pending execution of the settlement documents, and the report of mediation, entered on December 5, 2012, indicated that the case was "completely settled" [D.I. 42].  However, after receiving numerous assurances that a signed settlement agreement was forthcoming, Defendants received a communication from Withdrawn Counsel to the effect that Plaintiff would not sign the settlement documents.  Thus, Defendants had to file a Motion to enforce the settlement agreement and argue the Motion before this Court.

The conduct of Plaintiff in this case multiplied the proceedings and forced Defendants to incur additional costs.  Defendants incurred a total of $1,542.50 for attorney's fees and costs associated with preparing the Motion to enforce settlement agreement and the supporting memorandum, preparing for the hearing, traveling to and from Charlotte to argue the Motion,

---

[1]"If § 1927 does not apply to pro se litigants, then the District Court ha[s] inherent authority to impose the identical sanction."  *Institute for Motivational Living, Inc. v. Doulous Institute for Strategic Consulting, Inc.*, 110 Fed. Appx. 283, 287, (3rd Cir. 2004) (internal citations omitted).

2

and arguing the Motion.  See D.I. 52, Exhibit A.  The additional costs incurred by Defendants

represents 9.5 hours of work at counsel's adjusted rate of $153.00 per hour plus $89.00 in

associated expenses.  The Court finds that the amount of time spent on the Motion and the rate of

$153.00 per hour are reasonable in this market.  Accordingly, Defendants' Motion for Award of

Attorneys' Fees and Costs is hereby **GRANTED**.  Defendants shall be awarded costs, expenses,

and attorneys' fees in the amount of $1,542.50.

**IT IS SO ORDERED.**

Signed: July 11, 2012

Graham C. Mullen
United States District Judge